**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| DE'QUINN HAMLIN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 126-139 |
| | * | |
| DEPUTY BELL, | * | |
| | * | |
| Defendant. | * | |

**O R D E R**

Plaintiff, currently detained at Charles B. Webster Detention Center in Augusta, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I. SCREENING THE COMPLAINT

### A. BACKGROUND

Plaintiff names Deputy Bell as the Defendant. (Doc. 1, at 1.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On June 16, 2026, while Plaintiff was handcuffed, another inmate assaulted him. (Id. at 4.) While Plaintiff was still in

handcuffs, Defendant Bell tased Plaintiff instead of the other inmate who was assaulting Plaintiff. (Id.) During those events, Plaintiff's upper lip was "busted in half." (Id. at 5.) Although Plaintiff was supposed to get stiches, he received no medical treatment. (Id.) For relief, he asks for one million dollars, for Defendant Bell to be fired, and for surgery to fix his scarred lip. (Id.)

**B. DISCUSSION**

**1. Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Bilal v. Geo Care, LLC,

981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Pleading Deficiencies in Plaintiff's Complaint

#### a. Excessive Force

Plaintiff does not sufficiently plead an excessive force claim. It is well-settled that "the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (internal quotation marks, alteration, and citation omitted); see also Sears v. Roberts, 922 F.3d 1199, 1205 (11th Cir. 2019). "In considering an Eighth Amendment excessive force claim, [the court] must consider both a subjective and objective component: (1) whether the officials acted with a sufficiently culpable state of mind, and (2) if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Johnson v. Moody, 206 F. App'x 880, 883 (11th Cir. 2006) (*per curiam*) (internal quotation marks, alterations, and citation omitted). However, the "core judicial inquiry" for excessive force claims is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7 (1992).

Here, while Plaintiff alleges that Defendant Bell tased him during an altercation between Plaintiff and another inmate while Plaintiff was in handcuffs, he does not provide sufficient detail

regarding the circumstances of the events. Specifically, he fails to detail anything regarding Defendant Bell's state of mind, and Plaintiff's description of the injury he suffered is limited merely to a "busted lip." (Doc. 1, at 5.) Plaintiff does not even state Defendant Bell – and not the inmate who assaulted Plaintiff – caused this injury. This generic description of events, without more, fails to state a claim for excessive force because it is too vague and conclusory. See Rene v. Prock, No. 3:23-CV-127, 2023 WL 2527047, at *2 (M.D. Fla. Mar. 15, 2023) (dismissing excessive force claim where "[p]laintiff [did] not explain the circumstances of the incident at all"); White v. Pratt, No. 3:23-CV-24634, 2024 WL 994237, at *2 (N.D. Fla. Feb. 5, 2024) ("The bare-bones allegations that [defendant] 'slammed' [p]laintiff onto the floor, without any further description, is too vague and conclusory to state an excessive force claim."), *adopted by* 2024 WL 988426 (N.D. Fla. Mar. 7, 2024); Pierre v. Kolodzeij, No. 3:20-CV-4786, 2020 WL 3871491, at *7 (N.D. Fla. June 9, 2020) (dismissing excessive force claim where plaintiff "referenc[ed] an incident involving [defendants]" but "provide[d] no details concerning the use of force" such as "what occurred, why force was used, what force was used, or how it was excessive, or how he was injured"), *adopted by* 2020 WL 3871454 (N.D. Fla. July 8, 2020).

**b. Deliberate Indifference to a Serious Medical Need**

To the extent Plaintiff seeks to bring a claim for deliberate indifference to a serious medical need, his allegations are insufficient. To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege that: (1) he had a serious medical need - the objective component, (2) a defendant acted with deliberate indifference to that need - the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (explaining that in addition to objective and subjective components of Eighth Amendment claim, a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim). The objective component to deliberate indifference in this context, see Wade v. McDade, 106 F.4th 1251, 1262 (11th Cir. 2024), requires that plaintiff allege an objectively "serious medical need[-]one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (internal quotations and citations omitted). After this initial threshold question, the plaintiff must also demonstrate a defendant acted with "subjective recklessness as

used in the criminal law" by showing a defendant was "actually, subjectively aware his own conduct caused a substantial risk of serious harm to the plaintiff," but even if he knew of that substantial risk, he is not liable under the Eighth Amendment "if he responded reasonably to the risk." Wade, 106 F.4th at 1262 (citing Farmer, 511 U.S. at 839, 844-45). Moreover, even if the defendants acted unreasonably and committed medical malpractice, that is insufficient to support a § 1983 claim. See, e.g., Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Mere incidents of [medical] negligence or malpractice do not rise to the level of constitutional violations.").

Here, Plaintiff alleges he was "suppose[d] to get stiches but no medical treatment was given." (Doc. 1, at 5.) However, Plaintiff alleges no facts that show Defendant Bell was aware of Plaintiff's injured lip or caused it to go untreated. Thus, he has not stated a claim of deliberate indifference to a serious medical need.

In sum, because of the limited details provided by Plaintiff's complaint, the Court cannot determine whether he has any valid claims. However, in recognition of Plaintiff's *pro se* status, the Court will provide him an opportunity to cure his pleading deficiencies by amending his complaint in accordance with the instructions below. See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019) (explaining *pro se* plaintiff must be

given one chance to amend to cure pleading deficiencies prior to dismissal).

## II. INSTRUCTIONS

Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of his allegations in one document, within **fourteen days** of the date of this Order. The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number, to Plaintiff's service copy of this Order. The statement of claim must not exceed six handwritten pages attached to the standard form. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court that she was to re-draft her complaint to make it more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint in accordance with the instructions in this Order. The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir.

2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his amended complaint. For example, Plaintiff should not simply state, "See attached documents." Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within **fourteen days** of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendant should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case

**ORDER ENTERED** at Augusta, Georgia, this 18th day of November, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA